# WHEELING.

## WHITEHILL *v.* BASNETT.

Submitted September 18, 1883—Decided April 19, 1884.

A case in which a vendor's lien held not to have been fraudulently retained.

JOHNSON, PRESIDENT, furnishes the following statement of the case:

The plaintiffs filed their bill in May, 1879, in the circuit court of Marion county against F. D. Basnett & Co., Jesse Hunt and others. The bill alleged the recovery of a judg-

ment for five hundred and ninety-six dollars and twenty-five cents and costs against F. D. Basnett and J. B. Nay partners as Basnett & Co.; that in aid of said action at law, plaintiffs had sued out an attachment, which was levied on a tract of about fifty acres of land; that said land was conveyed by Jesse Hunt and wife to said Basnett & Co. on the 12th day of January, 1878, for a pretended consideration of two thousand three hundred dollars, whereof one thousand six hundred and eighty-seven dollars and sixty-four cents is recited in said deed to have been paid by the transfer to said Hunt of a stock of merchandise theretofore belonging to said Basnett & Co. and for the residue, to-wit: six hundred and twelve dollars and thirty-six cents, certain notes were given by said F. D. Basnett & Co. to said Hunt, the payment of which is secured by a lien reserved in said deed. The bill charges that said vendor's lien is false, fictitious and fraudulent, and is a mere device of the said Basnett & Co. well known by said Hunt and concurred in and assisted by him for the purpose of hindering, delaying and defrauding the creditors of said F. D. Basnett & Co.; that debts to a large amount were contracted shortly before said transfer, among them plaintiffs' debt; that the only visible property which the firm ever owned as such was the said stock of merchandise; that said Basnett did not then nor does he now own any individual property; that very recently before said transfer said Nay the other partner failed, and had not sufficient individual property to pay his individual debts; that in this condition said firm with recently contracted debts amounting probably to more than four thousand dollars with the deliberate purpose of defrauding plaintiffs and their other creditors of their stock of goods in their store at Mannington, being of the value of about two thousand six hundred dollars, transferred the same to Jesse Hunt secretly and without the knowledge of the plaintiffs or any of the creditors in exchange for the said parcel of real estate, which was not then nor is it now worth more than eight hundred dollars. The bill charges that said stock of merchandise did at the time of said transfer invoice and was actually worth two thousand six hundred dollars; and the plaintiffs further charge, that the intent and purpose of said F. D. Basnett, in

making said transfer, and the intent and purpose of the said Jesse Hunt in receiving the same, was to pass the said stock of goods to said Hunt, who was eventually to give it back to F. D. Basnett, and thus defraud the creditors of said F. D. Basnett & Co., for the joint use and profit of the said father-in-law and son-in-law, who ever since said transfer have jointly kept possession of said stock of merchandise and said tract of land. It then sets out a number of judgments recovered against said F. D. Basnett & Co.

The said bill makes defendants, the said judgment-creditors Jesse Hunt and said Basnett & Nay, as F. D. Basnett & Co., and prays, "that the said pretended vendor's lien be declared fraudulent, null and void by decree of this Court, *and that the said real estate* be sold, upon such terms and under such regulations as shall seem agreeable to equity, and that your orator and the other judgment-creditors aforesaid be paid from the proceeds of such sale according to their respective equities," and for general relief.

Among the judgment-liens exhibited with the bill is one in favor of *Samuel Beven & Co.* v. *F. D. Basnett & Co.,* for one thousand one hundred and sixteen dollars and ten cents and costs. By the answer of said Beven & Co. it appears that they sued out execution on their judgment and levied on the goods claimed by Jesse Hunt, and the same were sold under the said execution.

F. D. Basnett answered the bill. He denies that the goods invoiced two thousand six hundred dollars, but avers the truth to be, that the invoice amounted to one thousand nine hundred and eighty-five dollars and fifty-four cents, which after deducting fifteen *per cent.* leaves one thousand six hundred and eighty-seven dollars and sixty-four cents, the amount of the goods sold and transferred to Hunt. With emphasis he denies, that the sale to Hunt was made for the purpose of hindering, delaying and defrauding the creditors of said firm of Basnett & Co. He avers his readiness to deliver to the creditors the tract of land conveyed to him by Hunt, as soon as the same is properly demanded.

Jesse Hunt answered the bill denying that the land was sold for too much, and avers, that the goods were damaged by fire, and that he paid for them more than they were

worth.  He avers, that his lien on the land is an honest and just lien and is in no way fictitious and fraudulent.  He denies that the invoice of the goods was two thousand six hundred dollars, but says it was one thousand nine hundred and eighty-five dollars and forty-six cents which was the first cost, and from that was deducted fifteen per cent. for damage done to the goods by fire, which was not a sufficient reduction.  He denies all the allegations of fraud and denies that he had any knowledge of any fraud in the transaction.  He avers that after the transfer Boven & Co. issued an execution upon a judgment in their favor against F. D. Basnett & Co., and levied the same upon some of the goods that respondent had received from F. D. Basnett & Co. together with near two thousand dollars worth of goods that respondent had purchased and put in said store after the purchase of said stock of goods from F. D. Basnett & Co., and sold the same under said execution; that all of the said goods and merchandise so sold as aforesaid were the property of respondent; that notwithstanding the sale of respondent's goods, the creditors of the firm of F. D. Basnett & Co. are seeking to sell the entire tract of land conveyed to the said F. D. Basnett & Co., without regard to the lien of respondent on said land.

The cause was referred to a commissioner to ascertain the liens and fix their priorities; and the commissioner fixed the vendor's lien as seventh and last, ascertaining that there were over four thousand dollars in liens which should be paid before the vendor's lien.  The court decided in its decree of the 13th March, 1882, that the creditors of F. D. Basnett & Co. should first have the proceeds of the sale of said land applied to the satisfaction of their lien before anything should be applied to Hunt's vendor's lien.

In its decree, rendered on the 21st day of December, 1882, the court confirmed the commissioner's report overruling Hunt's exceptions thereto, and declared, that "the transaction mentioned in the bill and answer in this cause between the defendants, F. D. Basnett & Co., and the defendant, Jesse Hunt, whereby the stock of merchandise of the said F. D. Basnett & Co. was transferred to said Hunt in consideration of the parcel of land conveyed by said Hunt to said firm of F. D. Basnett & Co., described in the deed of Hunt dated

January 12, 1878, being the same transaction mentioned in the decree entered in this cause on the — day of March, 1882, was so made to hinder and delay the creditors of said firm of F. D. Basnett & Co., and is fraudulent and void as against the complainant and as against other creditors of said firm of F. D. Basnett & Co., whose answers are filed in this cause, and that the lien for six hundred and twelve dollars and thirty-six cents retained in said deed of January 12, 1878, in favor of said defendant Hunt, is fraudulent and void as against complainant and said other creditors of F. D. Basnett & Co. and the said lien is therefore postponed to the liens of complainant and said other creditors." The decree then recites the judgments reported by the commissioner, and declares them to be subsisting liens on said land, and then decrees, that, unless F. D. Basnett & Co. or some one for them shall pay, &c., the commissioner therein appointed shall sell the said land, &c.".

From this decree Jesse Hunt appealed.

*W. W. Arnett* and *Martin & Woods* for appellants.

*James Morrow Jr.* for appellees.

JOHNSON, PRESIDENT:

In the view I take of this cause the numerous depositions taken on the question of fraud in the purchase of the stock of merchandise and the value of Hunt's land given in exchange for the goods are wholly irrelevant. The judgments were against F. D. Basnett & Co. and not against Jesse Hunt. If the transaction complained of in the exchange of the land was entered into by F. D. Basnett & Co. with the intent to hinder, delay and defraud the creditors of said firm and Jesse Hunt had notice of said fraudulent intent, then as to the creditors of F. D. Basnett & Co. the purchase of the goods by Hunt was void and would not stand in the way of the subjecting of said goods to the payment of their debts. But the creditors will not be permitted to sell the land of Hunt, to pay the debts of F. D. Basnett & Co. If they proceed against the land exchanged for the goods, they must treat the land as belonging to F. D. Basnett & Co., and when

they take it for F. D. Basnett & Co.'s debts they must take it *cum onere.* They can only sell for the satisfaction of their liens' such interest as Basnett & Co. had in the land, and must take it subject to the vendor's lien of Jesse Hunt. According to the authorities, if there was fraud in the exchange, yet the transaction was good between the parties. In this proceeding Hunt could not plead his own fraud, if any existed, and have his deed to Basnett & Co. set aside. He is estopped from denying, that F. D. Basnett & Co. have good title to the land.

The plaintiffs are proceeding against Basnett & Co. and not against Hunt, and by asking the sale of the land as belonging to F. D. Basnett & Co. they must affirm their title thereto. How could the court make a good title to the purchaser, if it were declared that the deed from Hunt to Basnett & Co. was void? Could it compel Hunt to convey land for the purpose of paying Basnett & Co.'s debts, even were it proved that Hunt had participated in a fraud to cheat the creditors of Basnett & Co. out of the stock of goods?

With the question of fraud therefore we have nothing to do in this cause. The consideration of the question of fraud would be appropriate in a contest between Hunt and Basnett & Co.'s creditors as to the ownership of the goods, or between the creditors of Hunt and Basnett & Co. as to the ownership of this land. While the bill in this cause seeks to attack as fraudulent the exchange of the land for the goods and the retention of the lien by Hunt, yet it seeks to subject the said land as the property of F. D. Basnett & Co. to the payment of their debts. It must be considered a bill for the latter purpose only.

My associates are not prepared to concur in the views above expressed, but upon a careful inspection of the record they are clearly of opinion, that the evidence as shown therein wholly fails to show, that if there was any fraud committed by the said Basnett & Co. in the exchange of the goods for the land, Hunt participated therein and had notice thereof, but shows that the transaction was a fair and *bona fide* one so far at least, as said Hunt was concerned. They therefore concur in the conclusion that the decrees of the circuit court of Marion county rendered in this cause on the 13th day of

March, 1882, and the 21st day of December, 1882, are reversed with costs to the appellants against the appellees, Whitehill & Co.; and the cause is remanded with instructions to regard the vendor's lien reserved to Jesse Hunt as the first lien on said land, and to order a sale of said land, and upon confirmation of the report of sale to decree that out of the proceeds of such sale the amount of the lien of Hunt be first paid, and the residue to be paid to those entitled thereto according to their priorities.

REVERSED. REMANDED.